On behalf of the independent appellant, Ms. Erin S. Johnson, are you going to be having a complete baptism as we go to trial? All right. Thank you. On behalf of the appellant, Ms. Johnson, I'm going to proceed. Good morning, Your Honors. I don't give you any rest at all. We didn't wear you out in the last case, did we? I feel refreshed from the morning. Your boss is going to take you out to lunch after this. Thank you. Your Honors, I'm here on behalf of Ms. Kathleen Strong, who is appealing for a modification of her execution order entered in this case July 15th of 2014. And the issue in this case is that the trial court erred in entering this modification. Could you address the threshold issue? Yes. The State, as I understand it, has argued its move to dismiss the appeal. It took its motion with the case. What say is you as to whether or not we have jurisdiction whether this was a final appealable order? Certainly, and I believe as I argued in the objection that I filed for that motion to dismiss, this is a final appealable order. This, using the State's own definition, and the State cites a definition that orders final appealable if it disposes of the party's rights as to the entire case or as to some definite part of the controversy. This order disposes of what needs to be, what the obligations are as to the restitution. So it is a final order. There was a motion to reconsider, which was denied from this modification. And I think, as I've cited, there are, when you look at Supreme Court Rule 604B. 604B. Yes, thank you. As well as the case that's escaping me now, but when a modification, there's a modification to a defendant's probation, certainly there is a precedent that they can then appeal from that modification. Look at People v. Felton, which is a 4th District case where the court revoked and reissued a new term of probation for the defendant. And as part of that new term of probation, the court reentered the restitution order. It was the same order, but they, you know, gave it a new timeframe with the new restitution. And that was found to be appealable. Well, 604B itself permits an appeal from a written order modifying a defendant's obligation to pay restitution, doesn't it? Yes, it does. So I think that there's an argument here there was a modification when we changed the alleged payee. And I certainly, and going to that, I mean, I know the state said this isn't a modification, but I don't know how we can say this isn't a modification. Certainly, and I think that where I was going to begin is with the timing of this modification. The original order of restitution indicated that the restitution was to be paid by September 1st of 2012. Now, the modification is not asked for by the state until April of 2014. So by the time the state asked to modify this order of restitution, the time period fixed by the court for payments has elapsed. And what we know from the statute and from the case law is that once the time period fixed for payment has elapsed, the restitution still stands, but the defendant still doesn't have an obligation to make payments. It's a civil judgment lien in favor of the victim. How do you come to that conclusion? Because, well, I mean, first of all, the restitution statute, but also we look at Peeble v. Brunn, which is a second district case. Now, in that case, the court set five years for payment. Now, in this case, obviously, the trial court only set one year, but the same reasoning applies. Brunn found that once the five-year time period for payments had elapsed. Isn't that the five years following the conclusion of probation, though? Would the restitution statute continue payments requiring a defendant to pay? Am I confused? No, what the restitution statute says, the court shall fix the time not to exceed five years. Okay. So the court could have ordered up to five years, and then there is actually a special, just for the sake of clarity. Right. There is, the court can extend it up to two years if they make special findings. But, in point of fact, in this case, this court set one year for payment of restitution. The one year comes and goes, and no one files anything related to whether or not the defendant had made payments or hadn't made payments. And then, ultimately, in 2014, the state asked for this modification, but at that point – Was she still on probation? She was still on probation at that point. Doesn't that make a difference? Yep. Certainly, the restitution statute can – restitution can be a condition of probation. But what restitution statute specifically indicates, and what the case law indicates, is that restitution is a separate. It survives the expiration of probation. It survives independently of probation. So when this court issued a separate date and a separate order for – that this had a different timeline, it's a separate judgment. So it has nothing to do with probation. What about this argument that the obligation to pay restitution is a condition of probation? If you don't pay it, your probation can be revoked or modified, right? And certainly it can be. But I think that the problem in this case is that – there's two problems, really. One is that no one files anything prior to September 1st of 2012 to say Ms. Strong isn't making her payments. But she's still on probation, right? She's still on probation, but they've – the court separated, I guess, the timeframe for the restitution from the probation. I don't know for what reason the court decided to do that, but that's what they did. So is the restitution order some separate, independent case from the probation? It's not a separate case, but it's a separate order. The restitution statute and the case law clearly indicate that restitution is a separate, independent judgment. And it survives – and we look at – But I think you can still argue it's part and parcel of probation. Otherwise, you're saying if somehow it slips through, the person can get off probation without being violated, even though they haven't fulfilled the conditions of probation. It has to be what you're saying. Well, and I think that comes to the second problem we have in this case, which is that this modification was not part of any revocation or modification for probation. Why is that? I don't know why. I mean, certainly – So why are you saying this? Oh. Why are you having that position? Get into the mind of the prosecutor. The – there was no hearing on a petitioner vote. There were no findings made in this case at all. There were no findings made at the time of the modification as to what restitution was still owing or whether or not Ms. Strong had willfully failed to pay the restitution, which is required on the restitution statute for a modification. Well, again, you said you're not disputing at the time that this proceeding started, the defendant had not yet paid the full amount of restitution, right? It would seem – I'm not disputing that because it seems that there's still restitution owing. A is on probation. B hasn't paid the restitution. And the code, the Unified Code of Corrections, does allow there to be a modification of probation, doesn't it? Right. But this wasn't a modification for probation. It wasn't? No, it didn't because it didn't change the terms. And that's the other thing. The order itself is somewhat defective because if you look at the order which the court entered, it just says any remaining balance shall be paid to the heirs, and then it lists the three heirs and says all checks shall be issued to them in the names of all heirs. It gives no timeframe for payment. And it gives no payment amount. So what are we to interpret that order as that it still should have been paid by September 1st, 2012? I mean, that doesn't really make sense. Well, it would be paid in the terms of probation. In other words, the defendant would have to pay it while they were on probation. And certainly – but the terms of probation were that she pay it by September 1st, 2012. So – So according to you, then, and not to put you down too much, if the restitution order is entered, and somebody's on probation for five years, okay, and the restitution order says it has to be paid within two years, if the two years expires, that's the end of the matter. The court system is powerless to do anything about that order. If nothing's been filed by the State. Even though they're on probation, even though it's a condition of probation. Right. Well, I guess it would depend on the language that, you know, as a condition of probation they must pay this restitution by this – I mean, it's by this date. So certainly the State should have filed the position to revoke in, you know, August 31st of 2012, saying – If we would agree with you it's a separate independent covenant or obligation, totally aside from the overall conditions of probation. Well, and I think that the case law makes it clear that it is. And it's – and the reason that it is a separate judgment, and the reason why it's important is for both the defendant and for, I guess, the victim in terms of collection. Because this – once the time period for the restitution being paid expires, it becomes a judgment that's enforceable through civil means. And – Yes, but it's not – you just used the word the restitution order is a separate judgment. So when the court enters a sentencing order in a criminal case, it enters a separate judgment on the restitution issue and a sentencing order on probation. Is that what happens? No. So, I mean, I guess what I'm saying is that the restitution, based on the case law, and I'm quoting, I guess – it said that it's separate and independent of probation. It survives the expiration. That's what Brunn tells us. That's what In re. Right, but at this point the probation had not expired. And I understand that argument, but I guess at this – at the time that it's being modified, there's not – and then this is where I think this case goes off the rails. So even if we could say that in a different scenario, okay, the court said it was to be paid by 2012, but actually it's 2013, she's still on probation. We don't have a hearing on a petition or a vote here where the court has found that Ms. Strong willfully failed to pay the restitution, and therefore it should be modified to change the terms of the restitution. That's not what happened here. There actually, as I said, were no findings. But her willful failure to pay is separate from to whom it should be paid. Certainly, but in the restitution statute it makes it very clear that the court can only modify the restitution if the defendant has failed to pay. Right. Could modify the amounts? It just says a modification is triggered. It says in Section I, the sentence of restitution shall be modified or revoked by the court if the offender commits another offense or the offender fails to make restitution, but no sentence shall be revoked unless the court shall find that the offender has had the financial ability and has willfully refused to do so. So in this case, the modification wasn't triggered by the finding that she committed a new offense or that she willfully failed to pay. It's just based on the state saying, hey, the victim. They haven't paid and it wasn't disputed. She hadn't paid and that wasn't disputed. Right, but whether or not it was willful is certainly an issue. It's an issue. There was no finding that she had the ability to pay and she failed to do so. Did anybody raise that below? I do believe that her counsel did actually in the motion to reconsider the modification changing the payee, they did raise that there was no petition to revoke. There was no violation proven that she failed to pay restitution willfully. So that was raised by her trial counsel, among other things. Yeah. I'm sorry. Are you done answering the question? No, that's fine. Yes. Sorry. If the trial court had taken judicial notice or had decided or decreed that the decedent had passed and hadn't said what it said or hadn't modified the restitution order, what would your client have had to do in order to satisfy the restitution? My argument is, I mean, at that point, nothing because she... So in order to satisfy the restitution, she wouldn't have had to pay the estate? No, she may have owed the estate, and I make that clear in my brief. And that gets into the second part of the problem with this order is that it substitutes, and on page 115 of the record, what the trial court said is, I will change the victims and change the victims to these three heirs. But those three heirs are not victims who are authorized to receive restitution under the statute. Now, the estate of Jill Howley could receive the restitution, but that doesn't mean that her heirs are automatically the people that receive the proceeds of the restitution. Well, that was a problem as far as I considered the possibility that there may be creditors of the estate that would not receive what they were entitled to. However, I thought the record indicated that the estate was ready to be closed, that there were no outstanding debts, and that any further distributions would be to the heirs upon satisfaction of this restitution order. So, again, I don't see any harm in the foul. The better way would have been to make it payable to the estate, but nobody seems to be prejudiced by that. Well, and I would, I think actually in the way that the court did go about this modification, both the defendant and the heirs were prejudiced, and the reason for that is this. The modification that the court entered has no time frame on it. It just says the remaining balance shall be paid to these people, no time frame. Well, isn't it applied under the conditions of probation? Well... The probation ends and the state doesn't file a petition. Are you saying 10 years later they could have come back and asked for the restitution? Well, the... I think they're exalting form over substance there. Well, but I think the problem is when you look at the cases that talk about, when you look at In Re Estate Abusus, which is cited in our brief, as well as the case that kind of led to that, which is a civil case, the estate of the victim, even if it wasn't a victim who was deceased, any victim, can't enforce their restitution judgment civilly until the time period for payments have expired and the payments are delinquent. And that, so all those cases say that. So the problem with having this open-ended order, besides the fact that the ultimate effect of what the court did is has the court acting as a collection agency for these civil litigants, is also that if the heirs wanted to say, you know what, we want to enforce our civil rights, our civil, the estate goes and enforces, civil methods enforce, wants to detach property, wants to garnish wages, they can't do that arguably under this order because it doesn't show when the payments will be delinquent. So it prejudices both sides because we have Ms. Strong coming back indefinitely. Well, unless the other side is arguing that, why would you bring that up? Because I guess what I'm... Are you advocating for the victims? No, I'm not advocating for the victims. What I'm saying is what the court did here was not proper and it creates a host of problems, not just for the defendant who has to come back and pay on this restitution order that should really be a civil lien at this point and pay indefinitely with no fixed, no time period that ends this restitution obligation. But on the other side, they can't enforce their rights either. So we have both people going for this open-ended restitution order when really what's clear from, the case law is clear from restitution statute. What should happen is this should be a civil judgment in favor of the estate of Jill Connolly that can be enforced civilly. And that's all... Why not just substitute or if the decedent, the victim hadn't died, she still would have been the payee, right? Right, and she could enforce the... And she'd be in the same position as the heirs would be. The trial court's order was to substitute the remaining heirs for the decedent. That's all. So why would you get into all these other possible calamities that could befall everybody? Because... There's no reason to get into the other thing. Well, I guess the issue is when you look at People v. Moran, which is this district, the court clearly says, or this court says, we don't want criminal courts acting as collections agencies for civil litigants. And the reason for that is... That's the argument when the original restitution order was imposed. You could always make that argument. The court here basically was substituting the heirs for the original victim, okay? If the original victim was still alive, would you be making the argument on a petition to modify or revoke that the court's a collection agency? Well, depending on... I mean, I guess that would all depend on the timing and whether or not there had been some modification after the time for paying restitution had expired. But certainly, in this case, the court did modify the restitution order in this way, and it was not a proper modification. Okay, well, let's get to the final part of this matter, in my opinion. Is there anything... I think you started touching it, the scope of the restitution statute, okay? Obviously, the heirs were not the original victims. Are they properly contemplated by the restitution statute? They're not. Tell me why not. They're not because they're not persons who have lost property as part of a defendant's criminal actions. And have you read the Strebin case? Yes. Okay. Strebin, the victim metamorphosized from an individual into a state agency. Was the state agency the original victim? No, but in that case... Okay, so how do you distinguish that from the court's decision in this case? But in that case, there was specifically counseling for the victim that had been, if I'm not incorrect, but in Strebin, there was counseling for the victim, and the court specifically said, this is, because the services were rendered to the victim, we can pay for this counseling. But these, although these heirs, as, you know, the survivors of Jill Connolly may end up with this money, their property was not taken by the defendant. They didn't suffer any loss based on the defendant's criminal activity. And that goes back to, again, what People v. Moran talks about, because in Moran we have a subcontractor who may have civil entitlements to money that the defendant defrauded, but this court said, well, they may have the right to that money, but they're not the victim. They can't be the person that gets restitution. How about this concluding language in Strebin? To hold otherwise would render the victim's indigence a fortuitous occurrence for the defendant, freeing him of a financial obligation that he should rightfully bear. I mean, in the beginning, the defendant was on probation and had an obligation to pay the restitution. So can't you make the same argument, the fact that then the original victim passed away would be a fortuitous occurrence? No. That would obligate or remove the obligation to pay restitution? I disagree. Is that the same issue? I disagree because what I'm not saying is that she doesn't have to pay the restitution. She may get her property attached or her wages garnished. What I'm saying is that they can't order, the court can't order the restitution to be paid directly to these heirs. They're not victims. The state of Miss Connelly can civilly collect this judgment, and that's the purpose, and I think that goes to the purpose of the restitution statute because we don't have it in this case. This isn't $100,000, but we do have cases where we have a defendant who's ordered to make restitution in an amount of money that won't be made whole in the time period for probation. What about the civil policy argument, and maybe it's a minor one, that now you talk about burdens, you're relegating the heirs to hiring lawyers, paying attorney's fees, all these other things for costs for money that would have been received, that the defendant would have had to pay without all this collateral litigation if the decedent hadn't died. Why should that occurrence become a burden on the heirs? And in this case, I mean, certainly someone dying always is going to create a burden on their family when settling their estate. But it doesn't have to be when they have restitution in order to repay them. Well, but the statute clearly doesn't allow for people to just step into the shoes of their deceased relatives. But more to the point, in this case, because we haven't had any findings of whether or not this pay order pay was willful, it may very well be that the time period for probation would come and go. Ms. Strong would not have paid the full amount of restitution because she simply couldn't. But that judgment lien that the restitution statute creates is that protection for the victim to say, okay, we can't keep people on probation indefinitely because they may not be able to pay these amounts of restitution in the time period for their probation. Through no willful act, they just don't have the income to repay these amounts. So you civil litigants have this fail safe. You can go. And you don't have to. And I think what Usa says in all these cases, they don't have to sue anyone. They just have to bring an action to enforce the judgment. And that's what should have happened in this case. So because the trial court's order was defective and not authorizing the statute, all we're asking is that this court vacate that modification, and we go back to the status quo of what was ordered in September of 2011. You said the heirs weren't injured in fact? We don't know. I mean, I guess I'm saying that we're assuming that somehow that Ms. Strong could have paid all of this in a more timely fashion, but we have no findings on that. Oh, but let's assume that if your client owed $1,000, then the estate would have a claim for $1,000. And if there were no debts to offset that or diminish it, and the $1,000 wasn't in the estate to be distributed to the heirs, then wouldn't it seem reasonable to conclude that the heirs were injured to the extent of the $1,000 that never went into the estate because your client never paid it into the estate? I think that question again, though, presumes that money is money in the bank, but again, the restitution creates an obligation. I would suggest that it assumes that it's an account receivable in the terminology of accounting. But under the terminology of the restitution statute, it's simply a judgment. It's a civil judgment lien, and civil judgment liens create a right to enforce, but that doesn't automatically mean that you have the money. So I guess at the time, and depending on the timing of all this, they may or may not have had an enforceable civil judgment lien. And I guess going back to my point, if we leave the timeframe at September 1, 2012, that's something that they can go enforce immediately, and I think that's how this should have proceeded and how it needs to proceed based on what the restitution statute tells us. So I just ask you in this court to vacate the improper modification. Okay. I'm good. Thank you. All right. Thank you. Thank you very much. Mr. Taylor, you may proceed. Counselor, Your Honors. First point I'll start with the issue regarding whether the heirs are victims under the restitution statute. You seem to be questioning, yes, these heirs are victims under the statute, irrespective of whether or not the money could be paid to the estate of Jill Connelly that passed away prior to receiving her full restitution. How are they victims? How are they victims? They're victims because they are the rightful owners of that money, and by the fact that they have failed to. Doesn't the estate own the money? Yes, the estate will be the owner of the money, but those three heirs are the rightful owners to the estate. They're the ones who receive. Well, not necessarily. Wouldn't the creditors of the estate take before the beneficiaries or the heirs? According to the record, the only thing regarding the estate is the remaining restitution balance. There is nothing else, no creditor issue, no other funds coming in except for this restitution balance. And that was presented by the state at the time they sought the modification? Yes, that was stated on the record by the state. Stated on the record, but that's it. Yes, it was stated on the record. And there was no hearing, there was no evidence presented. It was simply the representation of counsel asking for the modification. Correct. That's based on your state or conversations with either the heirs or the attorneys for the heirs? Yes, the state stated on the record that they had a conversation with the attorney for the heirs, and they represented that the only issue regarding the estate was that the restitution had not been finished being paid. And why don't we have jurisdiction? Why not? The lack of jurisdiction is that the action of the court was not a final judgment. It was merely a reaffirmation of the defendant's prior obligation to pay the restitution that she agreed to pay. And since there was no new final judgment, there is no final order to appeal, and therefore this court would not have jurisdiction to hear any appeal. What do you make of counsel's argument, and obviously there's a number of issues he's raised, what about the argument that the modification was improper because there was no indication that the defendant willfully refused to pay the restitution? As for that argument, that's actually a misreading of the statute. Under subsection I, the full first sentence of it reads, says restitution may be modified or revoked by the court if the offender commits another offense or the offender fails to make restitution as ordered by the court. But no sentence to make restitution shall be revoked unless the court shall find that the offender has had the financial ability to make restitution and he has willfully refused to do so. So you're saying it's revoked, it doesn't attach to a modification. That's correct. The willfulness to fail to pay is only for revoking restitution, not for modifying restitution. So you can't revoke somebody and send them to jail, but you could modify it to change the payee, arguably. I mean, there's no statutory impediment to doing that as a modification. Correct. The impediment is to revoking and sentencing somebody to another sanction, a new sanction, without a willfulness finding. That's correct. All right. I appreciate that clarification. Your Honor, continuing on about the defendant's argument as to whether or not subsection I was implicated for his modification, as the defendant noted there in the order itself, it stated there was a remaining balance that needed to be paid as regards to restitution and directed that payment to go towards the three heirs of Jill Connolly. The defendant argues that there wasn't any finding by the court outside that statement. However, if you look at the hearing, starting on page 106 of the record of proceedings, the defendant's trial counsel is arguing that the defendant should not be paying any more payments or restitution and is arguing that the co-defendant shouldn't pay any remaining amount of money to the heirs of Jill Connolly. As argued by that trial counsel, the defendant had paid her pro-life share and that she should not be the one to pay any more money. So by that argument, by the defendant's trial counsel, and by the statement within the order itself, say any remaining balance that should be paid to the heirs, there is a finding by the court that there was a failure to pay restitution, and because that failure to pay, the modification is allowed. So you're basically saying, look, the defense counsel waived this issue. Her only complaint was that it's the co-defendant's problem, the balance, not my client's, but never raised whether or not they were proper victims, whether or not this was a proper modification. During the hearing, the trial counsel first argued that they were proper victims, then argued that she shouldn't have to pay this amount that the co-defendant shouldn't have to pay. And that they were not proper victims was based on that it should go to the estate? As I recall from the hearing transcript, the defense trial counsel was arguing that because these three heirs were not victims of the statute, that's why they were arguing at the trial level that any type of change should not be allowed. That they were not victims was the meaning of the restitution statement. Yes, that's what the defense trial counsel was arguing. Well, isn't the purpose of restitution to make the victim in the traditional sense whole? Correct. How are we making Ms. Jill Conley whole by paying her heirs? You're making Jill Conley whole by paying her heirs, partially because that money would have been rightfully Jill Conley's if she were still alive. Right. And that's the way it would have got to her estate. Right. As the heirs of the estate, they're the ones who will be the rightful owners of any money. This is one of the things I'm very troubled by is all we have is an assistant, with all due respect to the state, standing up and saying, some lawyer told me there's no creditors and these are the only heirs. Maybe there's four, five, and six other heirs. How do we know? And the assistant is standing there basically saying what some lawyer or somebody else told them. I'm not saying that the assistant is making this up. But they're only reciting hearsay, the rankest of hearsay. How do we conclude that that makes these three the proper victims under the statute? Assuming your argument, we can substitute them. What makes this appropriate, that there's no finding, there's no evidence that these three individuals are, in fact, the only heirs to this estate? Unfortunately, that was not brought up during the hearing by the defendant. There's nothing for her to bear out. Well, he does say that they're not proper victims. Yes, he does say that she, whatever. Yeah, there's a distinction. She raised a legitimate point, but maybe the line of distinction is, they were contesting whether or not within the purview of the restitution statute, the heirs could be considered victims at all. The issue of whether or not they were the sole and proper representatives, you're saying, was never contested at the trial level. Correct, Your Honor. They were contesting whether or not they fall within the definition of victims, period. That's correct. Okay. So I don't see that as a major concern. All right. Another point that the defendant brought up was to whether or not the trial court had the authority to even make any form of hearing or decision based upon the defense restitution. As you point out yourself, the trial court does have authority over a defendant as long as it's still under the purview of probation, which this defendant was. I mean, that was her argument. Your Honor, did you find that the restitution is some independent covenant that it wasn't paid within a year, therefore you can't do anything about it, even though they're on probation? Do you buy that? No, Your Honor. The only real statement as to time frame regarding restitution was in the Illinois Supreme Court case, Henry Hyman P., which indicated that the maximum time frame for looking at, for a trial court to have any sort of patrol restitution was of five years, which is the maximum time frame given in the restitution statute in order to impose restitution for. It can go up to seven years because in subsection I, it's possible for the court to extend the time frame of payments for restitution. But as long as the defendant was still under the purview of probation and the condition of probation is to pay restitution, as long as the probation was ongoing, then the court does have control over the defendant with regards to restitution. If this motion to modify restitution was brought after probation had ended, then, yes, the court would have no jurisdiction. That's not what occurred in this case. So the fact that probation is still ongoing allows the modification here. Correct. Okay. As I sum up. He asked you whether it allowed the modification here. And I thought you claimed that there was no jurisdiction because there was no modification. If this court were to believe there is jurisdiction, any form of modification was allowed by the order itself saying there was a remaining balance and the trial counsel arguing that any money left to be paid should be paid by the co-defendant. So your argument that there was no modification kind of made me, it caused my brain to fry because I kept saying to myself, if there was no modification, why am I sitting in this chair listening to this oral argument about whether or not some trial judge entered an order that doesn't exist? So it was contingent. Have you thought about maybe conceding the fact that we have jurisdiction because this was, in fact, an order. That was entered by the trial court, and we are spending at least an hour in oral argument addressing the merits of it, and therefore we probably have jurisdiction. Conceding fact jurisdiction doesn't alter the fact that this order was correct by what the trial court did. So the state will concede that issue. That's a good idea so his mind doesn't go into overdrive right before that. I may not be able to hear the next oral argument. Please. My brain is going to fry. In summation, the heirs of Joe Conley are victims as contemplated by the restitution statute. The trial court had the authority to make any modifications to the order restitution because the probation was still ongoing over the defendant, and the trial court did make a finding that the defendant had failed to pay as the order indicators remained balanced, and the defense trial counsel had argued that any remaining money should have been paid by the co-defendant. We ask that you affirm the judgment below. Thank you. Well, thank you. You may reply and rebuttal, Ms. Johnson. Thank you. I think Justice Jorgenson's questions to counsel for the state bring up an issue that I guess it didn't quite flesh out, but I do think that in this case the record is deficient. Besides the whole problem we have with them being victims, there is a deficient record here in terms of that these are the heirs that, I mean, the order says there's a certificate of heirship attached. There's no certificate of heirship. There was no client's. Let's assume everything you say is true for the sake of the argument, okay, so we can move past this. If there is a hearing, okay, in defense counsel, you are not defense counsel, obviously. Right. If there's no issue or argument over whether or not these people are the proper representatives, there's the proper heirs, what's going on with the estate, if the defense goes all in on the issue that they're not victims, why would we want to get into the – what would be the point of getting into these side issues? Well, I think – Are we going to start raising issues that were never raised at the trial trial level? Well, I think that in the argument in the motion to reconsider that the defense counsel filed below, the argument was that they're not victims and the proper person to receive the proceeds is the – or not person, but the estate of Jill Conley. They didn't specifically say, and we don't know if these three are the only, but I don't know – I think that their argument was – didn't delve that deeply into the details. It didn't. And I bring it up more to illustrate the problem that we see from – I think the problem that this court was attempting to address in People v. Moran is why we shouldn't have criminal courts enforcing these civil remedies because they mess them up. But why don't we have restitution of executive orders in general, though? Why don't we just say, as a victim of a crime, you have civil remedies? Why don't we have a restitution statute? Because you can always make that argument that in a sense, a literal sense, the court is acting as a collection agency for a private wrong. Right. Well, I think that – I think that could be – but I'm not making that in every case. I'm saying that there is restitution that the defendant was ordered to pay. She's ordered to pay it by a certain date. What I'm saying from Brunn, from Ingray, Hyman, Key, from all the cases, what the court has again and again said is that restitution survives the expiration of probation. It's separate and independent from that probation order. But here, probation wasn't terminated. Nothing survived it. It was ongoing. We don't even get into that argument because it doesn't apply. But I'd argue the reason we didn't get into it is because the court didn't make the proper findings that we didn't have any hearing about whether or not the defendant willfully failed to pay the restitution. It's not necessary because it was a modification. Not a verification here. Right. And I do think that distinction that the State's making – I see where they're making the distinction on the language, but it doesn't make sense in the context of the entire section. A court can modify the terms of restitution pretty much at any time, and usually it inures to the defendant. Instead of making $100 a week, the defendant comes in and says, you know, my income is X, Y, Z, and the judge will say, all right, make $50 a week. That's a modification of the terms of restitution, arguably the terms of probation. You don't have to make a finding that the failure to pay whatever I said, $75, whatever it was, is willful failure to pay. Right. Or instead of having to come to court every week to make your payment, you can mail it. That's a modification. Right. Without a finding that the failure to pay has been willful and wanton. Here's the other reason for that, and it's a matter of logic. You can make the argument. The reason you wouldn't have it in a modification such as this is if you are going to evoke somebody's probation or modify and put a burden on the defendant that they didn't have before, yes, you want to make a finding that their refusal to pay was willful because now as a result of that, you're putting a burden on the defendant. There is no burden being placed on the defendant here whatsoever beyond the original order. All it did was change name for name. That's why you don't need to have a finding. And I would agree with Your Honors that if we're just talking about giving different payment amounts or we're extending the time period, but this did change the burden on the defendant because, as I said, there's no time frame on this new order. It doesn't say when she has to pay a restitution back. It just says any remaining balance shall be paid. Well, it's actually a matter of law. It's still a part of probation. If we find it's a part of probation. It can be paid by the end of probation. Right, by the end of probation. I mean, and that's this Court's interpretation, but certainly it's not explicitly spelled out. And I guess based on the case law and the statute, you could have restitution that extends beyond probation. So you can have someone on a term of restitution that is longer than their – So certainly, I think in this case, what this Court did was not in line with the restitution statute. And that's the reason we're asking that the order that was improper be vacated and we go back to what was originally ordered. That's all we're asking. All right. Thank you very much again for the quality of your arguments here this morning. We appreciate that. The matter will be taken under advisement. A written decision will, of course, enter in due course. We are adjourning now for lunch hour. We'll return around 1 o'clock. Thank you.